1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

IVERA MEDICAL CORPORATION,

12

            Plaintiff-Counterdefendant,

13

    vs.

14

15

HOSPIRA, INC.,

16

            Defendant-Counterplaintiff.

17

Case Nos.:
11-cv-1246-H-RBB
12-cv-1582-H-RBB

**ORDER GRANTING PARTIES' JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AND ON DEADLINE TO SEEK FEES AND COSTS**

[Doc. No. 174]

18

19     In this consolidated patent infringement action, Plaintiff asserts three claims

20 against Defendant for infringing U.S. Patent Nos. 7,780,794 ("the '794 patent"),

21 7,985,302 ("the '302 patent"), and 8,206,514 ("the '514 patent") (collectively, the

22 "patents-in-suit"). (See [1246][1] Doc. No. 53, First Amended Complaint; ; [1582][2] Doc.

23 No. 8, First Amended Complaint.)  Defendant asserted counterclaims that it did not

24 infringe the patents-in-suit, that the patents-in-suit are invalid, and that the

25

26    [1] "[1246]" refers to Ivera Medical Corporation v. Excelsior Medical Corporation, No. 11-cv-1246-H.

27

28    [2] "[1582]" refers to Ivera Medical Corporation v. Excelsior Medical Corporation, No. 11-cv-1582-H.

1  patents-in-suit are unenforceable due to inequitable conduct. (See [1246] Doc. No. 55;

2  [1582] Doc. No. 14.)  On April 29, 2014, the Court granted summary judgment for

3  Defendant and invalidated the patents-in-suit for obviousness under 35 U.S.C. § 103(a).

4  ([1246] Doc. No. 162.)  On June 5, 2014, the Court ordered the parties to show cause

5  why it should not deny all pending claims as moot.  (See Ivera v. Excelsior, No.

6  11-cv-1115-H, Doc. No. 128.)  On June 9, 2014, the parties filed a joint motion for

7  entry of final judgment and request to preserve their rights to seek attorneys' fees after

8  appellate review of the Court's order.  ([1246] Doc. No. 174.)

9       The Court, for good cause shown, grants the joint motion and enters judgment

10  for Defendant Hospira.  Fed. R. Civ. P. 41(a)(2).  The Court invalidated the asserted

11  patents, and "one cannot infringe an invalid patent."  See Commil USA, LLC v. Cisco

12  Sys., 720 F.3d 1361, 1368 (Fed. Cir. 2013).  The Court also dismisses Defendant's

13  unenforceability counterclaim as moot.  The Court further orders as follows:

14       1.   The Court permits the parties to seek attorneys' fees and costs under

15            Federal Rule of Civil Procedure 54 after appellate review; and

16       2.   The Court enters final judgment for Defendant Hospira.

17       **IT IS SO ORDERED.**

18  DATED: June 11, 2014

19  _____

20  MARILYN L. HUFF, District Judge
    UNITED STATES DISTRICT COURT

21

22

23

24

25

26

27

28